Quinton G. STEWART

v.

STATE of Tennessee.

Court of Criminal Appeals of Tennessee,
at Nashville.

Aug. 12, 2002.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 23, 2002.

Patrick T. McNally, Nashville, Tennessee, for the Appellant, Quinton G. Stewart.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the Appellee, State of Tennessee.

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

## OPINION

The Appellant, Quinton G. Stewart, appeals the Rutherford County Circuit Court's summary dismissal of his petition for post-conviction relief. The post-conviction court found that Stewart's petition was barred by the statute of limitations. Stewart argues that his petition was not time-barred because he was a minor and, thus, "legally disabled" to exercise his rights under the post-conviction statutes. *See* Tenn.Code Ann. § 28–1–106 (2000). After review, we affirm the judgment of the post-conviction court dismissing the petition.

### Factual Background

The Appellant was charged with first-degree murder when he was sixteen years old. The Appellant was subsequently indicted for first-degree murder, following a transfer hearing from juvenile court to Rutherford County Circuit Court. On August 11, 1999, pursuant to a negotiated plea agreement, the Appellant, then seventeen years old, pled guilty to second-degree murder and received a sentence of twenty-five years in the Department of Correction. The Appellant turned eighteen years old on May 1, 2000.

On April 27, 2001, the Appellant filed a petition for post-conviction relief, alleging

that he received ineffective assistance of counsel based upon the following grounds:

1. Trial counsel failed to inquire and investigate into [the Appellant's] intoxication from drugs and alcohol during the homicide that would have diminished his culpability;

2. Trial counsel failed to investigate [the Appellant's] extensive history of drug and alcohol abuse, addiction and records from Cumberland Heights and Stepping Stones for alcohol and drug treatment which would have corroborated his diminished capacity on the evening of the victim's death;

3. Trial counsel failed to interview witnesses at the party where [the Appellant] and the victim engaged in a fight preceding the victim's death. The witnesses would have proved testimony that the victim and [the Appellant] were intoxicated and that the victim initially assaulted [the Appellant];

4. Trial counsel failed to investigate the victim's acts of violence and aggression toward [the Appellant] and reputation for violence;

5. Trial counsel failed to have [the Appellant] evaluated for a determination that his intoxication from drugs and alcohol during the incident impacted his reasoning and prevented him from forming the requisite intent for murder; [and]

6. Trial counsel failed to adequately confer with his juvenile client about the nature of lesser included offenses to the charge of murder in the first degree. Trial counsel consulted with [the Appellant] for less than a total of twenty-four (24) hours.

The State filed a motion to dismiss the Appellant's petition, arguing that the petition was time-barred by the one-year statute of limitations. The Appellant responded that his petition was not time-barred due to his minority status which tolled the limitations period. The post-conviction court dismissed the Appellant's petition as time-barred, finding that:

The defendant was represented by competent counsel from the time he was in juvenile court until he pled guilty in Adult Criminal Court. There was a transfer hearing in Juvenile Court and once a juvenile has been transferred to Adult Criminal Court, he is declared an adult.

Once Mr. Stewart entered his plea, the statute started running for any type of post relief.

This timely appeal followed.

## ANALYSIS

■ The Appellant argues that his post-conviction petition was timely filed because "disability as a minor tolls the one-year statute of limitations for filing a petition for post-conviction relief under constitutional due process." The Appellant's conviction became final on August 11, 1999, when he pled guilty to second-degree murder and received a twenty-five year sentence. In order for the Appellant's petition to be timely, it must have been filed within one (1) year of the date on which the judgment became final. *See* Tenn. Code Ann. § 40–30–202(a) (1997). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.; see also Seals v. State*, 23 S.W.3d 272, 276 (Tenn.2000). Accordingly, we conclude, and as the Appellant concedes, the general savings provision for minors, Tennessee Code Annotated § 28–1–106 (2000),[1] does not toll the one-year

1. If the person entitled to commence an action is, at the time the cause of action ac-

crued, either under the age of eighteen (18) years, or of unsound mind, such person, or

statute of limitations for filing a post-conviction petition.

■ However, this does not end our inquiry; we must also determine whether the Appellant's minority requires tolling the statute of limitations as a matter of constitutional due process. *Seals*, 23 S.W.3d at 276. "In determining what procedural protections a particular situation demands, three factors must be considered:

(1) the private interest at stake;

(2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute safeguards; and finally,

(3) the government's interest, including the function involved and the fiscal and administrative burdens. that the additional or substitute procedural requirement would entail."

*Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Phillips v. State Bd. of Regents*, 863 S.W.2d 45, 50 (Tenn.1993)). In this case, the private interest at stake is the Appellant's opportunity to attack his conviction and sentence on grounds that he was deprived of constitutional rights during the conviction process. *Id.* The government's interest is avoiding the litigation of stale and groundless claims. *Id.* (citing *Burford v. State*, 845 S.W.2d, 204 (Tenn. 1992)). The Appellant's interest in collaterally attacking his conviction is not a fundamental right that deserves heightened due process protection. *Id.* However, before the State may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be

provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." *Id.* at 278 (citing *Burford*, 845 S.W.2d at 207); *see also Workman v. State*, 41 S.W.3d 100, 103 (Tenn.2001). The test is whether the time period allowed by law provides the Appellant a fair and reasonable opportunity to file suit. *Burford*, 845 S.W.2d at 208.

■ The Appellant asserts that he was denied a reasonable opportunity to present his post-conviction claims in a meaningful time and manner because as a minor he was disabled throughout the limitations period. We disagree. Pursuant to the juvenile transfer statute, Tennessee Code Annotated § 37–1–134(a) (2001), a juvenile may be transferred to a criminal court of competent jurisdiction and is "to be dealt with as an adult." Tenn.Code Ann. § 37–1–134(a). The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). In determining legislative intent, we look first to the statute itself, and rely, when possible, upon the ordinary meaning of the language and terms used, refraining from any forced or subtle construction to limit or extend the statute's meaning. *State v. Smith*, 893 S.W.2d 908, 917 (Tenn.1994), *reh'g denied*, (Tenn.1995), *cert. denied*, 516 U.S. 829, 116 S.Ct. 99, 133 L.Ed.2d 53 (1995). The plain language of Tennessee Code Annotated § 37–1–134(a) indicates that the legislature intended all juveniles transferred to criminal court to be treated in all respects as adults. "Where the statute mandates that a child be tried as if he were an adult, he

such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of

action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability. Tenn.Code Ann. § 28–1–106.

may no longer have the benefit of statutes expressly applicable to children." *Colyer v. State,* 577 S.W.2d 460, 463 (Tenn.1979). Accordingly, the Appellant, like other similarly situated adults, must make a *prima facie* showing of incompetence in order to toll the limitations period. *State v. Nix,* 40 S.W.3d 459, 464 (Tenn.2001). Such a showing requires specific factual allegations that demonstrate the Appellant's inability to manage his personal affairs or understand his legal rights and liabilities. *Id.* The Appellant's status as a minor is not enough to make such a *prima facie* showing of incompetence.

Weighing these competing interests, we conclude that due process does not preclude application of the statute of limitations to the Appellant's petition for post-conviction relief. The Appellant did not file the instant petition until April 27, 2001, outside the applicable limitations period. Therefore, the Appellant's petition is time-barred.[2]

## CONCLUSION

Based upon the foregoing reasons, we find that the Appellant's petition for post-conviction relief is time-barred. Accordingly, the judgment of the post-conviction court summarily dismissing the petition is affirmed.

---

**2.** Moreover, we are constrained to note that were we to adopt the Appellant's argument, the State could convict a juvenile offender as an adult, yet the offender would be denied the recourse of collateral review of the conviction process because of his legal disability as a minor.