IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2003

## TAVARES HILL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Maury County**
**No. 9576      Stella L. Hargrove, Judge**

---

**No. M2002-02997-CCA-R3-CO - Filed November 14, 2003**

---

The appellant, Tavares Hill,[1] appeals the denial of his petition for writ of habeas corpus, which the trial court dismissed as an untimely petition for post-conviction relief. He argues that due process tolled the statute of limitations for post-conviction relief. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Tavares Hill, Clifton, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mike Bottoms, District Attorney General; and Robert C. Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 18, 1992, the appellant entered a nolo contendere plea to second degree murder in exchange for a sentence of eighteen years and reserved certified questions of law for appeal. On appeal, this court affirmed his conviction. State v. Tavaris Hill, No. 01C01-9301-CC-00028, 1993 Tenn. Crim. App. LEXIS 606 (Nashville, Sept. 9, 1993). On July 22, 1996, the appellant filed a pleading styled as a petition for writ of habeas corpus in which he contended: (1) he was not afforded an evidentiary hearing before the grand jury due to lack of notice; (2) the State violated his right against self-incrimination; (3) his trial counsel was ineffective; and (4) his nolo contendere plea

---

[1]In a prior appeal, this court referred to the appellant as "Tavaris Hill." See State v. Tavaris Hill, No. 01C01-9301-CC-00028, 1993 Tenn. Crim. App. LEXIS 606 (Nashville, Sept. 9, 1993). However, we note that the judgment of conviction and the petition which forms the basis for the instant appeal refer to the appellant as "Tavares Hill."

was not entered voluntarily and intelligently.[2] For reasons not apparent in the record, nothing else was filed until the State's response in May 2002. On September 5, 2002, the circuit court dismissed the petition finding: (1) the petition for writ of habeas corpus was filed in the wrong county as the petitioner was housed in Bledsoe County; (2) the petition should be treated as a request for post-conviction relief; and (3) the post-conviction petition was filed outside of the statute of limitations.

The appellant subsequently filed a "Motion to Reopen Post-Conviction Petition." On October 31, 2002, the post-conviction court entered and filed an order denying the motion to reopen. The appellant filed a notice of appeal as of right on November 21, 2002.

## I. MOTION TO REOPEN

When a motion to reopen a petition for post-conviction relief is denied, the petitioner has ten days in which to file with this court an application seeking an interlocutory appeal. Tenn. Code Ann. § 40-30-117(c) (2003).[3] The rules of appellate procedure do not otherwise allow an appeal as of right from the denial of a motion to reopen a post-conviction relief proceeding. See Tenn. R. App. P. 3(b); see also Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002) (holding a "notice of appeal" may be treated as an application for interlocutory appeal when it contains sufficient information). Here, the appellant did not file his notice of appeal within the ten-day time period.[4] Since the appellant failed to perfect his appeal according to the statutorily mandated procedure, this court is without jurisdiction to address the motion to reopen. See William Lee Drumbarger v. State, No. M1999-01444-CCA-R3-PC, 1999 Tenn. Crim. App. LEXIS 1199, at *3 (Nashville, Dec. 9, 1999). We also note that the motion does not allege any of the three proper bases for a motion to reopen. See Tenn. Code Ann. § 40-30-117(a) (2003).

## II. UNTIMELY NOTICE OF APPEAL

The appellant's notice of appeal was filed more than two months after the trial court denied his original petition. Therefore, his notice of appeal was untimely. Tenn. Code Ann. § 40-30-116 (2003); Tenn. R. App. P. 4(a). Nevertheless, we elect to waive the untimely filing and address the post-conviction court's denial of post-conviction relief. Tenn. R. App. P. 4(a).

---

[2]The petition was filed on a form labeled and designed for a petition seeking habeas corpus relief in a United States Federal District Court.

[3]In 1995, former sections 40-30-101–124 were repealed and the chapter renumbered the sections 40-30-201–222. 1995 Tenn. Pub. Acts, ch. 207, § 1. The 2003 bound volume of Tennessee Code Annotated designates the sections as 40-30-101–122.

[4]The order of dismissal was entered October 31, 2002. The notice of appeal was signed November 18, 2002, and presumably delivered to correctional personnel for mailing. See Tenn. Sup. Ct. R. 28 § 2(G) (papers of inmate deemed filed when delivered to correctional personnel for mailing.) This date is beyond the ten-day period.

## III.  STATUTE OF LIMITATIONS FOR POST-CONVICTION RELIEF

The trial court properly treated the appellant's original petition as one for post-conviction relief.  Tenn. Code Ann. § 40-30-105(c) (2003).  The petition for writ of habeas corpus did not state an appropriate ground for relief and was filed in the wrong county.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (holding habeas corpus is only available to challenge a void or expired sentence); see also Tenn. Code Ann. § 29-21-105 (2000) (generally requiring petition to be filed in county "most convenient in point of distance to the applicant").  The appellant does not contend that the trial court erred in this regard.  Instead, he maintains that due process required that the statute of limitations for filing his petition for post-conviction relief be tolled.

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred.  Tenn. Code Ann. § 40-30-102(a) (2003).  Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition.  Id.  There are three statutory exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid.  Tenn. Code Ann. § 40-30-102(b) (2003).  However, an otherwise untimely petition is considered timely if the application of the statute of limitations would be a denial of due process.  See Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000).

When the appellant entered his nolo contendere plea in 1992, the statute of limitations for filing a post-conviction relief petition was three years.  Tenn. Code Ann. § 40-30-102 (1990).  Before the appellant's three-year period expired, the state legislature modified the statute of limitations, reducing the statute of limitations for seeking post-conviction relief to one year effective May 10, 1995.  Tenn. Code Ann. § 40-30-202 (Supp. 1995); see also Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997).  Accordingly, the appellant had one year from May 10, 1995, to file his petition for post-conviction relief.  See Carter, 952 S.W.2d at 420.  His original petition, filed in July 1996, was tardy.

The appellant contends that the one-year statute of limitations denied him a reasonable opportunity to raise his claims in a meaningful, timely manner.  On appeal, he maintains that he has demonstrated an inability to manage his personal affairs or understand his legal rights and liabilities, and that he has a late-arising claim because trial counsel failed to seek post-conviction relief.  However, the petition filed with the post-conviction court was silent as to any grounds for tolling the statute of limitations.

The record does establish that the appellant was a minor at the time he entered his plea; however, the statute of limitations was not tolled by his age without proof of further disability.  Stewart v. State, 95 S.W.3d 229, 233 (Tenn. Crim. App. 2002).

We conclude that the post-conviction court did not err in dismissing the appellant's pleading as being an untimely petition for post-conviction relief.  Accordingly, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE