IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2010

## ROKISHA LASHIA ALDERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-708     Seth Norman, Judge**

No. M2010-00896-CCA-R3-PC - Filed November 30, 2010

The Petitioner, Rokisha Lashia Alderson, appeals the Davidson County Criminal Court's
summary dismissal of her petition for post-conviction relief. The post-conviction court found
that the petition was barred by the statute of limitations. On appeal, she argues that the
statute of limitations was tolled because she was misled by prison officials about her minority
status. After our review of the record, we reverse the judgment of the post-conviction court
summarily dismissing the petition and remand for an evidentiary hearing on the timeliness
of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and
D. KELLY THOMAS, JR., JJ., joined.

Rokisha Lashia Alderson, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney
General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District
Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Factual Background

In March 2007, a Davidson County grand jury charged the sixteen-year-old Petitioner
with two counts of first-degree murder, two counts of felony murder, two counts of attempted
especially aggravated robbery, one count of attempted first degree murder, and one count of

aggravated assault. On November 1, 2007, pursuant to a negotiated plea agreement, the Petitioner pleaded guilty to two counts of felony murder and one count of attempted first degree murder and received a sentence of life plus fifteen years in the Department of Correction.[1] The Petitioner turned eighteen years old on November 23, 2008.

On January 11, 2010, the Petitioner filed[2] a petition for post-conviction relief, alleging that: (1) her guilty plea was involuntarily entered; (2) her conviction was based on use of a coerced confession; (3) her conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure; (4) her conviction was based on use of evidence obtained pursuant to an unlawful arrest; (5) her conviction was based on a violation of the privilege against self-incrimination; and (6) she received the ineffective assistance of counsel. In her petition, she contended that the the petition was not time-barred due to her minority status which tolled the limitations period:

> Petitioner was a juvenile at the time she took the plea and when she arrived at the Tennessee Prison for Women she asked the officers including legal aids [sic] about her legal options and she was told that she could not file her post-conviction until she was out of juvenile safe keeping. When the [P]etitioner was released out on the main compound she tried to get help with her post-conviction [sic] but she did not understand how to go about doing it properly. She did finally find someone to help her with understanding how to fill the form out and that is what she has done at this time. The [P]etitioner has a very hard time understanding the process and the questions in the post-conviction petition due to the fact she has a low education level. She has a reading level of 2nd grade. She has tried to get someone to help her but she couldn't until now and the aid [sic] can only provide her with assistance and not legal advice.

On January 27, 2010, the post-conviction court dismissed the Petitioner's petition as time-barred, finding as follows:

> The Petitioner moves the [c]ourt to consider her Petition in spite of its untimely filing. She argues that she should be permitted to proceed in the matter based on her being a juvenile at the date upon which the plea was

---

[1] The judgment forms in this case show an entry date of January 24, 2008. There is no "file-stamp" reflected on the forms.

[2] The petition reflects that the Petitioner delivered the petition to prison authorities on November 22, 2009. See Tenn. R. Crim. P. 49(d) ("mailbox rule"). This date is within one year from the date the Petitioner reached the age of majority.

entered. The Petitioner contends that her youth, coupled with her low level of education, prevented her from being able to present her Petition in a timely manner. Furthermore, she claims that officers and legal aides advised her that she could not file her [p]etition until she was out of juvenile supervision and released to the main compound at the Tennessee Prison for Women.

A similar claim was presented in Stewart v. State, 95 S.W.3d 229 (Tenn. Crim. App. 2002), wherein the petitioner argued that his minority rendered him "'legally disabled' to exercise his rights under the post-conviction statutes." Id. at 230. The Court of Criminal Appeals held that pursuant to T.C.A. 37-1-134(a), the juvenile transfer statutes effectively convert a juvenile defendant's legal status to that of an adult, thus divesting that defendant the benefit of statutes expressly applicable to children. Id. at 232-33; Colyer v. State, 577 S.W.2d 460, 463 (Tenn. 1979).

Juveniles who have been transferred to adult courts may successfully toll the limitations period, however, there must be a prima facie showing of incompetence in order to do so. State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). However, to make such a showing "requires specific factual allegations that demonstrate the Appellant's inability to manage his personal affairs or understand his legal rights and abilities." Id. The fact that the Petitioner was a minor at the time the plea was entered is not sufficient to make such a showing of incompetence, thus the statute of limitations may not be tolled based on this contention. Stewart, 95 S.W.3d at 233.

This appeal followed.

**Analysis**

First, we note that the Petitioner's notice of appeal was filed almost four months after the post-conviction court dismissed her petition. Therefore, her notice of appeal was untimely. See Tenn. Code Ann. § 40-30-116; Tenn. R. App. P. 4(a). Nevertheless, in the interest of justice, we elect to address the post-conviction court's summary dismissal of the petition as time-barred.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. See Tenn. Code Ann. § 40-30-102(a). If the petition is not filed within one year, consideration of the petition by the post-conviction court is barred. Id. It is apparent from the record in this case that the petition was not filed within

the time allowed by the statute of limitations. The pleading also does not allege any grounds which would provide an exception to the statute of limitations. See Tenn. Code Ann. § 40-30-102(b).

We agree with the post-conviction court that the statute of limitations is not tolled simply by the Petitioner's minority status without proof of further disability. See Stewart v. State, 95 S.W.3d 229, 233 (Tenn. Crim. App. 2002). However, this correct statement of the law does not adequately address the Petitioner's allegations. The precise issue presented by the Petitioner is whether she was misled by prison authorities to believe that her minority status prevented her from filing a petition or tolled the limitations period, thereby, entitling her to equitable tolling of the filing period.

In Williams v. State, 44 S.W.3d 464 (Tenn. 2001), the Tennessee Supreme Court held that due process may require tolling of the statute of limitations for filing a post-conviction petition where the petitioner may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief. 44 S. W.3 d at 467. In Williams, the petitioner was convicted of first degree murder and sentenced to life imprisonment in 1993. Id. at 465. On January 9, 1995, his conviction was affirmed by the Court of Criminal Appeals. Id. Thereafter, trial counsel terminated representation. "The [petitioner] averred that his trial counsel failed to notify him of counsel's withdrawal from the case, or to explain to him his rights for filing a pro se petition to" the Tennessee Supreme Court. Id. Trial counsel filed a formal motion to withdraw on October 18, 1995, in which trial counsel sought permission for the petitioner to proceed with a delayed appeal to the Tennessee Supreme Court. Id. at 465-66. The trial court denied the request. Id. at 466. On November 8, 1995, trial counsel filed an application for permission to appeal to the Tennessee Supreme Court, which was denied as untimely. Id. Thereafter, on October 24, 1996, the petitioner, proceeding pro se, filed a petition for post-conviction relief. Id. The petition was dismissed by the post-conviction court without a full evidentiary hearing. Id. at 465. Although the petition was filed beyond the statutory limitations period, our supreme court remanded the case to the post-conviction court to determine whether due process considerations tolled the statute of limitations based on counsel's actions. Id. at 467.

In the instant case, the Petitioner avers that she was misled by prison officials to believe that she could not file a post-conviction petition because of her juvenile status. At this point, we also feel constrained to note that the Petitioner did deliver her post-conviction petition to prison authorities within one year from the date she reached majority age and that she appears to be grossly uneducated. While Williams addressed possible attorney misrepresentation, we conclude that the same rationale applies to possible misrepresentation by prison officials. We conclude that the post-conviction court erred in dismissing the petition without conducting a hearing to make determinations similar to those outlined in

-4-

Williams. See Eric Wright v. State, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *2 (Tenn. Crim. App., Jackson, Dec. 17, 2001). Therefore, the post-conviction court's summary dismissal of the petition is reversed, and this case is remanded for an evidentiary hearing

> to determine (1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present [her] claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition [on November 22, 2009] was within the reasonable opportunity afforded by the due process tolling.

Williams, 44 S.W.3d at 471.

## Conclusion

Based upon the foregoing reasons, we reverse the post-conviction court's summary dismissal of the Petitioner's petition for post-conviction relief and remand for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE