IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2013

## ROKISHA ALDERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-708   Seth Norman, Judge**

**No.  M2012-01154-CCA-R3-PC - Filed December 3, 2013**

The Petitioner, Rokisha Alderson, appeals the Davidson County Criminal Court's denial of her petition for post-conviction relief from her 2008 convictions for two counts of felony murder and one count of attempted first degree murder and her effective sentence of life plus fifteen years.  The Petitioner contends that the trial court erred by finding her petition was barred by the statute of limitations and by dismissing her petition.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Chelsea Nicholson, Nashville, Tennessee, for the appellant, Rokisha Alderson.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jeff Preston Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 15, 2007, a Davidson County grand jury charged the then-sixteen-year-old Petitioner with two counts of first-degree murder, two counts of felony murder, two counts of attempted especially aggravated robbery, one count of attempted first degree murder, and one count of aggravated assault.  On January 24, 2008, pursuant to a plea agreement, the Petitioner pleaded guilty to two counts of felony murder and one count of attempted first degree murder and received a sentence of life plus fifteen years.  The Petitioner turned eighteen years old on November 23, 2008, and delivered her petition to prison officials within one year of her eighteenth birthday.

The petition for post-conviction relief alleged that (1) her guilty plea was involuntarily entered, (2) her conviction was based on the use of a coerced confession, (3) her conviction was based on the use of evidence gained pursuant to an unconstitutional search and seizure, (4) her conviction was based on the use of evidence obtained pursuant to an unlawful arrest, (5) her conviction was based on a violation of the privilege against self-incrimination, and (6) she was denied the effective assistance of counsel. The Petitioner contended that the statute of limitations should not bar her claims because she was a minor when she entered her plea, because she was given inaccurate information by correction officers that she could not file a petition for post-conviction relief until she turned eighteen, and because her low reading level made it difficult to complete the petition. Although the petition was stamped filed on January 11, 2010, the petition was signed by the Petitioner and delivered to prison officials on November 22, 2009.

On January 27, 2010, the trial court dismissed the petition as time-barred, and the Petitioner appealed to this court. This court concluded that the trial court erred in dismissing the petition without conducting a hearing to make determinations similar to those outlined in *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), reversed the trial court's judgment, and remanded the case for an evidentiary hearing on the timeliness of the petition. *Rokisha Lashia Alderson v. State*, No. M2010-00896-CCA-R3-PC (Tenn. Crim. App. Nov. 30, 2010). The Petitioner filed a motion to reopen her post-conviction petition on November 8, 2011, and was appointed counsel on December 13, 2011. On March 2, 2012, the trial court held an evidentiary hearing to determine if the statute of limitations had been tolled.

At the hearing, the Petitioner testified that she pleaded guilty on November 1, 2007. She said she was serving a fifty-six-year sentence at 100% for two counts of felony murder and one count of attempted first degree murder. She said that at the time of the evidentiary hearing, she was twenty-one years old and had been at the Tennessee Prison for Women since she pleaded guilty. She said that within one year of her pleading guilty, she asked a correction officer about her legal rights. She said the officer told her that she could not file a post-conviction petition because she could not associate with the adult offenders who would have to assist with filing the legal paperwork. She said she asked him if that meant she could not file a post-conviction petition. She said she did not remember the guard's name because the guards changed daily.

The Petitioner testified that she was transferred to adult population when she turned eighteen. She said that she asked a legal assistant at the prison about filing her post-conviction petition within the year and that the legal assistant began gathering the paperwork for the petition. She said she filed her petition on November 22, 2009, one day before her nineteenth birthday. She said that she did not know why the petition was not filed in the clerk's office until January 11, 2010, but that she gave the petition to the prison officials

within one year of her eighteenth birthday. She said that she went to school through the tenth grade and that she underwent educational testing when she was eighteen but did not know the results. She said she could read and write but did not know her reading or comprehension level.

On cross-examination, the Petitioner testified that she "backed out" of a plea agreement on November 1, 2007, and pleaded guilty on January 24, 2008. She agreed that one year from the day she pleaded guilty was January 24, 2009, and that her eighteenth birthday was November 23, 2008, leaving her time after her eighteenth birthday to file the petition within one year of the entry of the judgment. She said that she was told to wait until she was eighteen to begin post-conviction proceedings because she needed help from the adult inmates with whom she could not associate until she was eighteen. She said she entered the general population at the prison the day after her eighteenth birthday. She said that it was "in the policy" that she could not "mingle" with the adults and that because of the policy, she did not have access to a computer or any resources to help her file her paperwork in the required time. On redirect examination, a copy of the policy was entered as an exhibit. The Petitioner agreed that policy part 506.14.2 stated "youthful offenders" were to be retained in single cells under protective custody and not to have physical contact with sentenced offenders.

Upon questioning by the trial court, the Petitioner said that Erica East was an inmate "law clerk." She said that Ms. East helped with her petition and wrote a letter to the court. The letter from Ms. East stated that when the Petitioner was a juvenile, the law clerks were not permitted to visit her because she was secluded from the general population. The letter stated, though, that the law clerk inmates could correspond with juveniles through the in-house mail system and could request from the captain or shift commander an in-person meeting in a non-contact visitation room if needed.

The trial court found that the Petitioner failed to provide sufficient proof to substantiate her claims. It found that the Petitioner's "unsubstantiated allegation" that a correction officer provided erroneous information about her filing a post-conviction petition before her eighteenth birthday was "questionable at best," that the only proof offered was the Petitioner's allegation, and that no attempts were made to locate the correction officer. The court found that contrary to the Petitioner's testimony, she could have contacted inmate law clerks as a juvenile to discuss her petition but failed to do so. The court also found that she did not file the petition during the three months after she turned eighteen and before the statute of limitations expired and that she gave no explanation for the delay. The court concluded that the Petitioner failed to show due process required tolling the statute of limitations and failed to prove she was denied a reasonable opportunity to present her petition.

The Petitioner contends that the trial court erred by finding that the petition for post-conviction relief was barred by the statute of limitations and argues that due process requires tolling the statute of limitations. She argues that prison officials and a legal aid inmate gave her misinformation, preventing her from timely filing her petition. The State responds that the court properly concluded due process did not require tolling the limitations period. The State argues that the Petitioner failed to prove prison authorities misled her to believe her age prevented her from filing a post-conviction petition or tolled the statute of limitations period.

This court reviews a post-conviction court's "conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013) (citing *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011); *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011)). "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Id.* (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)). The post-conviction court's conclusion that due process did not require tolling the statute of limitations under these circumstances is a question of law. The petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for due process. *See Reid v. State*, 197 S.W.3d 694, 705 (stating that "[i]f the clear and convincing standard is adequate to ensure due process in the tolling context, then we deem it proper for purposes of the post-conviction proceeding itself") (citing *State v. Nix*, 40 S.W.3d 459, 463-64 (Tenn. 2001)).

A petition for post-conviction relief must be filed within one year of the final action by the highest state appellate court to which an appeal is made or, if no appeal is taken, within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a) (2012). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The Petitioner pleaded guilty January 24, 2008, and the judgments became final February 23, 2008. The time in which the Petitioner had to file her petition expired on February 23, 2009. We conclude that the petition for relief was untimely.

Tennessee Code Annotated provides for tolling the post-conviction statute of limitations in three instances not applicable to this appeal. *See* T.C.A. § 40-30-102(b)(1)-(3). In addition, principles of due process may allow for tolling the statute of limitations in limited circumstances. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner."). In *Williams*, the supreme court was concerned that "a strict application of the statute" could have the effect of denying the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner'"

-4-

because the petitioner "might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." *Williams*, 44 S.W.3d at 468 (quoting *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)).

In remanding this case for an evidentiary hearing, this court concluded that while *Williams* addressed possible attorney misrepresentation, the same rationale applied to possible misrepresentation by prison officials and remanded the case for the trial court to make determinations similar to those in *Williams*. *Rokisha Lashia Alderson*, slip op. at 4-5. The court was to determine:

> (1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present [her] claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition [on November 22, 2009] was within the reasonable opportunity afforded by the due process tolling.

*Rokisha Lashia Alderson*, slip op. at 5 (quoting *Williams*, 44 S.W.3d at 471). The trial court found that the Petitioner failed to prove due process required tolling the limitations period and did not reach the second question.

Due process tolls the post-conviction statute of limitations for petitioners who face circumstances beyond their control, such as mental illness and attorney misrepresentations, that preclude them from actively raising their post-conviction claims. *Williams*, 44 S.W.3d at 469; *Seals*, 23 S.W.3d 272. Regarding the Petitioner, this court also concluded that prison officials' conduct or misrepresentations that precluded petitioners from actively raising their post-conviction claims would toll the statute. *Rokisha Lashia Alderson*, slip op. at 4. Recently, our supreme court has said, "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Whitehead*, 402 S.W.3d at 613 (citing *Holland v. Florida*, 560 U.S. 631, ---, 130 S. Ct. 2549, 2562 (2010)).

We note, first, that the Petitioner's being a minor at the time she pleaded guilty is not sufficient to make a showing of incompetence to toll the statute of limitations. *See Stewart v. State*, 95 S.W.3d 229, 233 (Tenn. Crim. App. 2002); *Rokisha Lashia Alderson*, slip op. at 4. Juveniles who have been transferred to adult courts may toll the limitations period but must make a prima facie showing of incompetence to do so, which requires "specific factual allegations that demonstrate the Appellant's inability to manage his personal affairs or

understand his legal rights and abilities." *Stewart*, 95 S.W.3d at *233*; *see Nix*, 40 S.W.3d at 464 (stating that a post-conviction petitioner must make a prima facie showing of incompetence in order to avoid summary dismissal of the petition). We note, too, that the petition alleged that the Petitioner "has a low educational level," read on a second grade level, and was unable to understand how to file a post-conviction petition until she found another inmate to help her complete the paperwork. The Petitioner testified, however, that she went to school through the tenth grade and that she could read and write. She failed to establish incompetency to file her petition within the limitations period.

Regarding the Petitioner's claim that the statute of limitations should be tolled because prison officials deprived her of a meaningful opportunity to present her claim in a timely manner, the Petitioner testified that she inquired about filing a post-conviction petition but a guard told her she could not file a petition because she "couldn't mingle with the adult offenders . . . and . . . would have to go through them to file [a petition]." She could not identify the guard whom she claimed made the statement. The court discredited her testimony about the conversation with the guard. Based upon a letter from an inmate who helped the Petitioner with her petition, the court found that the Petitioner could have written letters to the legal aid inmates or requested non-contact meetings with them. The Petitioner did not offer any evidence that she was prevented from written communications with inmate law clerks while she was in juvenile segregation. The Petitioner testified that when she was moved to the general population after her eighteenth birthday, she asked an inmate "law clerk" about filing her post-conviction petition within the one-year period and that the inmate said she would gather the paperwork for the petition. Although she testified that she had to "go through" the inmate law clerks to file a petition, she did not testify that she was prohibited from having access to them in the three-month period between her eighteenth birthday and the expiration of the statute of limitations, nor did she testify that anyone prohibited her from filing her petition in the three-month period.

Regarding the Petitioner's argument that the trial court should not have determined three months was "enough time" to file her petition, we note that in *Williams*, the supreme court declined to determine what length of time was sufficient to pursue post-conviction appellate review for a petitioner who had tolled the statute and concluded that it was a question of fact for the trial court. In the present case, the trial court determined that three months remained in the limitations period after the Petitioner was released into the general population but that she waited until the day before her nineteenth birthday to file her petition. The court concluded that the Petitioner was not denied a reasonable opportunity to present her claim. The Petitioner's testimony established that she was aware of the right to seek post-conviction relief during the time she was in juvenile segregation. She has not explained how three months was an insufficient time period to prepare her petition with the assistance of an inmate law clerk once she reached the general population.

The evidence fails to show that the Petitioner diligently pursued her statutory right to seek post-conviction relief and that an extraordinary circumstance prevented her from filing a timely petition. *See Whitehead*, 402 S.W.3d at 631. The trial court did not err in denying post-conviction relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE