IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 22, 2012 Session

# TOM R. SMITH v. THOMAS HARDING POTTER

**Appeal from the Circuit Court for Davidson County**
**No. 06C1056      Barbara N. Haynes, Judge**

---

**No. M2011-01560-COA-R3-CV - Filed June 13, 2012**

---

The trial court granted the defendant's motion for attorney fees and court costs and executed an order to that effect. The plaintiff filed a motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02 arguing that the trial court violated his due process rights by awarding the defendant attorney fees without providing proper notice and the opportunity to be heard. We reverse the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., J., and BEN H. CANTRELL, SP.J., joined.

Jay R. Slobey, Nashville, Tennessee, for the appellant, Tom R. Smith.

Thomas Harding Potter, Jamestown, Tennessee, Pro Se.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

This case originated as a dispute between two attorneys for unpaid rent. The appellee ("Mr. Potter") and the appellant ("Mr. Smith") entered into three lease agreements that granted a percentage of Mr. Potter's gross legal fees to Mr. Smith as rent for office space. The trial court deemed these agreements unenforceable as unauthorized fee-splitting between attorneys.

In a previous appeal initiated by Mr. Smith, this court vacated the trial court's judgment, dismissed the appeal for lack of a final judgment, and remanded the case to the

trial court for a finding on the third lease agreement. See *Smith v. Potter*, No. M2008-01483-COA-R3-CV, 2009 WL 1162583 (Tenn. Ct. App. Apr. 28, 2009).

On remand, the trial court granted summary judgment in favor of Mr. Potter. Mr. Potter filed a proposed order awarding himself attorney fees and court costs. The trial court approved this order based on a review of Mr. Potter's affidavit detailing his fees and expenses. As a result, Mr. Potter was awarded $2,635.43. Mr. Smith never received Mr. Potter's proposed order or affidavit because Mr. Potter failed to serve the proposed order on Mr. Smith at the correct address. Consequently, Mr. Smith did not have an opportunity to challenge the details of the affidavit before the trial court awarded Mr. Potter's attorney fees and costs.

Upon notice of the trial court's decision to award Mr. Potter his attorney fees and court costs, Mr. Smith filed a motion for relief from the order pursuant to Tennessee Rule of Civil Procedure 60.02. The trial court denied this motion and taxed the costs to Mr. Smith finding that "although Mr. Potter did not give notice to Mr. Smith by Certificate of Service on either his Motion or his Order granting Attorney fees . . . this Court sees no harm in Potter's actions . . . ."

This appeal followed. Mr. Smith now argues that the trial court abused its discretion and violated his due process rights by awarding Mr. Potter attorney fees without providing Mr. Smith with proper notice and the opportunity to be heard.

STANDARD OF REVIEW

We review a trial court's decision on a Rule 60 motion for relief under an abuse of discretion standard. *J & B Invs, LLC v. Surti*, 258 S.W.3d 127, 132 (Tenn. Ct. App. 2007). "A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). Under this standard, we are required to uphold the ruling "as long as reasonable minds could disagree about its correctness." *Id.* The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *Id.* Thus, under the abuse of discretion standard, we give great deference to the trial court's decision. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

ANALYSIS

On appeal, Mr. Smith argues that the trial court abused its discretion and violated his due process rights by awarding Mr. Potter attorney fees without providing Mr. Smith with proper notice and the opportunity to be heard.

Litigants may seek relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. When a party seeks relief under Rule 60.02, the burden of proof is on the moving party, and it is that party's duty to prove by a preponderance of the evidence that one of the Rule 60.02 grounds for relief exists. *Henry*, 104 S.W.3d at 482.

"One of the bedrock principles of this nation's due process jurisprudence is the right to notice and an opportunity to be heard before an impartial trier-of-fact." *Karr. v. Gibson*, 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *United States v. James Daniel Good Real Prop.*, 510 U.S. 43 (1993), and *Phillips v. State Bd. of Regents*, 863 S.W.2d 45, 50 (Tenn. 1993)). Due process requires notice that is reasonably calculated, under all the circumstances, to inform a party of the pending action. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *McClellan v. Bd. of Regents*, 921 S.W.2d 684, 688 (Tenn. 1996). Mr. Smith never received notification of the proposed attorney fees award because the certificate of service for the order provided an incorrect address for Mr. Smith. Thus, prior to the trial court granting Mr. Potter's request for attorney fees, Mr. Potter did not provide notice reasonably calculated to inform Mr. Smith of the proposed action.

This court has previously approved the granting of Rule 60 relief when an adverse party to a motion did not receive notice of a hearing and was not given an opportunity to present evidence in order for the trial court to decide the issue on its merits. *See Beck v. Beck*, W2011-01806-COA-R3-CV, 2012 WL 1656228, at *8 (Tenn. Ct. App. May 11, 2012). In *Beck*, a post-divorce dispute, the trial court entered a default judgment against the ex-wife when she failed to appear at a hearing. *Id*. at *6. The ex-wife moved for Rule 60.02 relief, and the trial court granted her motion based on stipulated facts that the ex-wife had never

received notice of the ex-husband's motion to clarify. *Id*. at \*7. The ex-wife asserted that she never received a copy of the motion by mail, and the ex-husband could not provide proof in the form of a return receipt or any other documentation. *Id*. On appeal, this court found no error in the trial court's decision and reasoned that granting Rule 60.02 relief was appropriate since it served the best interest of fair play and substantial justice by granting the movant an opportunity to present her case. *Id*. at \*8.

This court has also determined that a failure to provide adequate information on a certificate of service constitutes "facially insufficient notice." *Frierson v. Johnson*, M2006-02598-COA-R3-CV, 2008 WL 555721, at \*7 (Tenn. Ct. App., Feb. 28, 2008); *Reynolds v. Battles*, 108 S.W.3d 249, 252 (Tenn. Ct. App. 2003). Also, as a matter of law, an order resulting from a hearing is void due to insufficient notice. *Marshall v. Marshall*, M2009-02463-COA-R3-CV, 2010 WL 4670982, \*4 (Tenn. Ct. App. Nov. 16, 2010). Mr. Potter failed to provide the correct address for Mr. Smith on the certificate of service for the motion and order concerning attorney fees and court costs.

The trial court erred when it denied Mr. Smith's motion for relief from the order granting Mr. Potter attorney fees because Mr. Smith was not afforded the proper notice to allow him to challenge the authority for and the reasonableness of the proposed attorney fees award.[1] As a result, the trial court's order granting Mr. Potter attorney fees and court costs is void.

CONCLUSION

The judgment of the trial court is reversed. We remand this case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal against Mr. Potter.

_____
ANDY D. BENNETT, JUDGE

---

[1]This court notes that Tennessee abides by the American Rule regarding the payment of attorney fees. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). For a court to award attorney fees, there must be a statutory authority or a contractual agreement. *Id*. Otherwise, each party to a lawsuit bears the expense of his own attorney fees. *Id*. We are not aware of any authority, and at oral argument Mr. Potter could not cite to any authority, for an award of attorney fees in this case.

-4-