# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2012

## FRANCISCO MIQUEL JOSE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Putnam County**
**No. 11-0255     Leon C. Burns, Jr., Judge**

**No. M2011-00295-CCA-R3-PC - Filed September 28, 2012**

The Petitioner, Francisco Miquel Jose,[1] appeals from the Putnam County Criminal Court's denial of his petition for post-conviction relief. On appeal, he contends that his 2004 guilty plea to misdemeanor theft of property was not knowingly made because he was not advised of the immigration consequences of his guilty plea, that the statute of limitations should be tolled because Padilla v. Kentucky, 130 S. Ct. 1473 (2010), announced a new rule of constitutional law that did not exist at the time of his plea, and that due process requires tolling of the statute of limitations due to the circumstances surrounding his guilty plea. We affirm the judgment of the trial court.\

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

William F. Roberson, Jr., Cookeville, Tennessee, for the appellant, Francisco Miguel Jose.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Randall A. York, District Attorney General; and Beth Willis and Douglas E. Crawford, Assistant District Attorneys General, for the appellee, State of Tennessee.

---

[1]The Petitioner's name appears as Francisco Miquel Jose on the warrant for the conviction offense, which also contains the general sessions court's judgment. His name appears as Francisco Jose on the guilty plea documents. His name appears as Francisco Miguel Jose on the post-conviction petition. His immigration attorney's affidavit identifies him as Francisco Miquel Jose and Miquel Jose Francisco. We have used the Petitioner's name as it appears on the charging instrument and judgment document.

**OPINION**

The Petitioner states that his first language is Acateco, a Mayan language. He pleaded guilty, pro se, in general sessions court on December 20, 2004. A Spanish-speaking interpreter was present at the hearing. The court did not advise him of any immigration consequences that might result from his guilty plea. He filed his post-conviction petition on March 30, 2011, alleging that his guilty plea was not knowing because he was not represented by counsel, did not have an interpreter who spoke his language, and was not advised of the immigration consequences of his plea.

At the post-conviction hearing, Lee Wiant, a certified Spanish-language interpreter, testified that there were approximately twenty-three or twenty-four Mayan languages spoken in Guatemala. He said that he listened to the Petitioner speak the Petitioner's native language at a previous court appearance and that the language was not Spanish. He said that Acateco and Spanish were different languages and that numerous indigenous languages existed in Latin America before the arrival of Spanish explorers in the 1500s. He said that a person who spoke Acateco would understand only a few words of Spanish.

Mr. Wiant testified that Chelsea Smith, the interpreter at the Petitioner's guilty plea hearing, was a certified Spanish-language interpreter and a native of Cuba. He doubted that she spoke Acateco, which he said was spoken in Guatemala and Mexico. He said there were only 40,000 to 50,000 people in the world who spoke Acateco. On cross-examination, he conceded that he did not know whether the Petitioner could speak some Spanish, although he thought it was unlikely.

The Petitioner testified, aided by a person who spoke Acateco and Spanish, who in turn was aided by a certified Spanish interpreter. The Petitioner testified that he did not understand what he was doing in 2004 when he pleaded guilty to theft. He said he thought he was just saying he was guilty. He said he did not have an Acateco interpreter at the hearing, only a Spanish interpreter. He said he could understand very little Spanish in 2004. He said he did not understand anything during the plea process. He stated he could only answer "yes, yes, yes" to the questions asked at the hearing. He said that he may have been advised in Spanish of his right to an attorney but that he did not understand it. He said no one advised him of any immigration consequences of his guilty plea. He said he would have looked for an attorney if someone had explained the immigration consequences. He did not understand the right to have his case presented to the grand jury or to a preliminary hearing. He said that he could now understand a few words in Spanish and English but that he better understood things if they were explained to him in Acateco.

The Petitioner testified that he had an immigration lawyer in Atlanta and an Acateco-language interpreter, through whom he communicated with the immigration lawyer and the judge. He said he was seeking residency status in the United States in order to be with his children. He said that although he was legally in the United States, he was in danger of losing this status because of the theft conviction.

After receiving the proof, the trial court ruled that the petition was not filed within the one-year statute of limitations and that the Padilla ruling did not require retroactive application. The court denied relief. This appeal followed.

A petition for post-conviction relief must be filed within one year of the final action by the highest state appellate court to which an appeal is made or within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a) (2006). The statute provides for tolling of the post-conviction statute of limitations in limited circumstances, one of which is if:

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Id. § 40-30-102(b)(2). In addition, principles of due process may allow tolling of the statute of limitations in limited circumstances. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.").

In Padilla, the Court held that an attorney's failure to advise a defendant that his guilty plea to an offense for which federal immigration law provided for deportation was deficient performance, the first prong of an ineffective assistance of counsel claim. Padilla, 130 S. Ct. at 1483-84; see Strickland v. Washington, 466 U.S. 668 (1984) (ineffective assistance of counsel). Padilla also stands for the proposition that when the consequences of criminal charges are not clear, an attorney must advise his client of the risk of adverse immigration consequences. Padilla, 130 S. Ct. at 1483. The Court rejected the notion, to which several state courts and federal circuits subscribed, that for the purposes of defining counsel's obligation to provide effective assistance, a distinction could be drawn between direct and collateral consequences of criminal proceedings in cases involving immigration

issues. Id. at 1481. Before the Padilla decision, Tennessee was one of the jurisdictions that held that because deportation was a collateral consequence of a guilty plea, an attorney's performance was not deficient for failing to advise his client of that consequence. See Bautista v. State, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004).

This court has said that Padilla announced a new rule of law but that the rule is not entitled to retroactive application. See, e.g., Rene S. Guevara v. State, No. W2011-00207-CCA-R3-PC (Tenn. Crim. App. Mar. 13, 2012), perm. app. denied (Tenn. Aug. 16, 2012); Mike Dwayne Rahming v. State, No. M2011-01574-CCA-R3-PC (Tenn. Crim. App. Aug. 1, 2012), reh'g denied (Mar. 5, 2012); Ivano Stamegna v. State, No. E2011-00197-CCA-R3-PC (Tenn. Crim. App. Nov. 29, 2011). The issue is presently pending before the United States Supreme Court. See Chaidez v. United States, 655 F.3d 684 (N.D. Ill. 2011), cert. granted, 132 S. Ct. 2101 (Apr. 30, 2012). Because this court has said that the Padilla rule does not apply retroactively, the statutory exception to the post-conviction statute of limitations for a new rule of constitutional law does not apply. See T.C.A. § 40-30-102(b)(2) (2006).

If the Petitioner is entitled to have his claim considered on its merits, due process must require tolling of the statute of limitations. The State contends that the Petitioner waived a claim of due process tolling because he did not raise it in the trial court. The petition alleged that the statute of limitations should be tolled. Although it did not specifically allege a due process basis, it sought tolling on the basis of the particular facts of the Petitioner's case and the Padilla decision. The Petitioner's attorney also argued at the post-conviction hearing that the statute of limitations should be tolled, although due process was not specifically cited. We conclude that the issue was sufficiently raised in the trial court. See Seals v. State, 23 S.W.3d 272, 277 (Tenn. 2000) ("'Due process is flexible and calls for such procedural protections as the particular situation demands.'") (quoting Phillips v. State Bd. of Regents, 863 S.W.2d 45, 50 (Tenn. 1993)).

Due process requires a weighing of the petitioner's liberty interest against the State's interest in preventing the litigation of stale and fraudulent claims. Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002). To determine if due process requires tolling of the statute of limitations, our supreme court has provided a three-step test:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

This court has rejected arguments that the statute of limitations should be tolled on due process grounds for Padilla claims. See., e.g., Ivano Stamegna, slip op. at 8. The rationale is that a Padilla claim is not "later arising" because it exists at the time of a defendant's guilty plea. Id. Lack of knowledge or belated discovery of a claim does not make it "later arising." See, e.g., Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). If the Petitioner is entitled to due process tolling, it must be on a basis other than his Padilla claim.

Viewing the Petitioner's case in light of the Sands factors, we note that the Petitioner's language barrier existed at the time of the guilty plea. Whether or not it was known to the trial court, it was known to the Petitioner. The fact that the Petitioner was not represented by counsel also existed at the time of the plea. Although the Petitioner may not have known that his guilty plea might affect his immigration status, he has not alleged that the relevant immigration law did not exist when he pleaded guilty. The transcript of the plea hearing reflects that the court did not advise the Petitioner of any immigration consequences, but this was likewise a fact that existed at the time of the plea. However unfortunate the circumstances of the Petitioner's case were, there were no later-arising grounds for relief that permitted the trial court to find that the statute of limitations should be tolled on due process grounds.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE