IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2020

## DORIS DAVIS FLOWERS ET AL. v. TERISA KIMMINS ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1254       Walter L. Evans, Chancellor**

_____

### No. W2019-02091-COA-R3-CV
_____

In this appeal regarding the proceeds of the decedent's life insurance policy, the Interim Clerk and Master of the Shelby County Chancery Court ("trial court") issued, pursuant to local rule, a "Notice and Recommendation for *Sua Sponte* Dismissal for Lack of Prosecution" after no activity concerning the case had occurred for over a year. The notice, which directed the parties to appear before the trial court on September 10, 2019, was not mailed to the defendant. Consequently, the defendant did not appear. Following the hearing, the trial court ordered a scheduling conference, at which the defendant also did not appear. During the scheduling conference, the trial court directed the plaintiffs to submit testimony and other evidence concerning the proceeds of the life insurance policy. Upon the plaintiffs' request for a declaratory judgment, the trial court entered an order finding, *inter alia*, that the defendant had failed to appear. The court awarded proceeds of the life insurance policy to the plaintiffs and assessed costs against the defendant. The defendant has appealed. On appeal, the parties have stipulated that the defendant did not receive notice of the hearings. We therefore vacate the trial court's order of final judgment and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Terisa Kimmins, Jackson, Tennessee, Pro Se.

Patrick J. Hillard, Memphis, Tennessee, for the appellees, Doris Davis Flowers and Kimberly Flowers-Trotter Atkins.

Proceeding initially without benefit of counsel, the plaintiffs, Doris Davis Flowers and Kimberly Flowers-Trotter Atkins (collectively, "Plaintiffs"), filed a complaint in the instant action on July 29, 2016, averring, *inter alia*, that several years prior, the defendant, Terisa Kimmins, had unlawfully caused the decedent, Lawrence H. Davis ("Decedent"), to modify his life insurance policy to designate Ms. Kimmins as the beneficiary. In addition to Ms. Kimmins, Plaintiffs also named American General Life Insurance Company ("American General") as a party to the lawsuit.[2] Ms. Kimmins, also self-represented, filed an answer on August 26, 2019, denying all substantive allegations. Notably, at the conclusion of the answer, Ms. Kimmins listed her address as "189 Summer Drive Jackson, Tenn. 38301" ("Summer Drive Address").

American General filed an answer on September 19, 2016, requesting interpleader relief and claiming that as a disinterested stakeholder, it should not be a party to the lawsuit. The certificate of service indicates that the answer was mailed to Ms. Kimmins at the Summer Drive Address. On January 18, 2017, the trial court entered an agreed order dismissing American General from the litigation, provided that it would interplead the life insurance policy proceeds into the registry of the court. As a signatory to the agreed order, Ms. Kimmins listed her address on the order as the Summer Drive Address, and the certificate of service demonstrates that the agreed order was likewise mailed to her at that address.

The record reflects that at some point following Plaintiffs' filing of the complaint on July 29, 2016, but preceding the entry of the January 18, 2017 agreed order, Plaintiffs retained attorney Linda Nettles Harris to represent them. Over a year later, Ms. Harris filed a motion to withdraw on April 12, 2018. According to the certificate of service, the motion was served upon Ms. Kimmins at the Summer Drive Address. The trial court entered an order on May 4, 2018, permitting Ms. Harris to withdraw as counsel and affording Plaintiffs thirty days to secure substitute counsel. According to the certificate of service, a copy of the May 4, 2018 order was also mailed to Ms. Kimmins at the Summer Drive Address.

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] American General is not participating in this appeal.

Pertinent to this appeal, more than a year later, the Interim Clerk and Master of the Shelby County Chancery Court issued a "Notice and Recommendation for *Sua Sponte* Dismissal for Lack of Prosecution" on August 7, 2019.  The notice stated that it was issued pursuant to Local Rule 22 of the Rules of the Chancery Court of Shelby County, which provides:

> Whenever a cause has remained on the Rule Docket for twelve (12) months or more without steps being taken by the Plaintiff to prosecute the case, the Clerk and Master or opposing parties shall be entitled, on motion, to request the Court for a dismissal of the cause without prejudice at Plaintiff's costs.

Furthermore, the notice provided for a hearing to be held on September 10, 2019.  The certificate of service evinces that the notice was mailed to Plaintiffs and counsel for American General, which was no longer a party to the lawsuit.  However, there is no certificate of service evincing service of the notice to Ms. Kimmins, who did not appear for the September 10, 2019 hearing.

Although the trial court undisputedly conducted a scheduling conference on November 5, 2019, the record does not contain a trial court order or notice setting the date of the scheduling conference.  Ms. Kimmins posits that the trial court made an oral announcement regarding the scheduling conference during the September 10, 2019 hearing, at which Ms. Kimmins was not present.  In any event, there is nothing in the record to establish that Ms. Kimmins was given proper notice of the November 5, 2019 scheduling conference.

On October 18, 2019, attorney Patrick J. Hillard filed a notice of appearance to represent one of the plaintiffs, Ms. Flowers-Trotter Atkins.  The certificate of service indicates that the notice was not mailed to Ms. Kimmins at the Summer Drive Address.

Following the scheduling conference, the trial court considered proof from Plaintiffs concerning the life insurance policy.  The trial court then entered an "Order of Final Judgment" on November 8, 2019, determining, in relevant part:

> After careful consideration of the proof and Defendant Kimmins['s] failure to appear, the Court finds that Plaintiffs have offered credible evidence to substantiate their claims and hereby declares Plaintiff Kimberly Flowers-Trotter Atkins as the rightful beneficiary of the [Decedent's] life insurance policy . . . .
>
> * * *
>
> Costs shall be taxed against Defendant Terisa Kimmins.

- 3 -

A copy of the order was mailed to Ms. Kimmins at the Summer Drive Address. Ms. Kimmins timely appealed.[3]

On appeal, the parties stipulate that Ms. Kimmins did not receive proper notice of either the September 10, 2019 or November 5, 2019 hearings. Moreover, the parties are in accord that the trial court's judgment should be vacated and the action remanded for a hearing on the merits of the case. Upon careful review, we agree.

As this Court has previously explained concerning proper notice:

> "One of the bedrock principles of this nation's due process jurisprudence is the right to notice and an opportunity to be heard before an impartial trier-of-fact." *Karr. v. Gibson,* [No. 01A01-9605-CH-00220,] 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *United States v. James Daniel Good Real Prop.,* 510 U.S. 43 (1993), and *Phillips v. State Bd. of Regents,* 863 S.W.2d 45, 50 (Tenn. 1993)). Due process requires notice that is reasonably calculated, under all the circumstances, to inform a party of the pending action. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *McClellan v. Bd. of Regents,* 921 S.W.2d 684, 688 (Tenn.1996).

*Smith v. Potter*, No. M2011-01560-COA-R3-CV, 2012 WL 2159596, at *2 (Tenn. Ct. App. June 13, 2012).

Our review of the record, particularly the certificate of service attendant to the August 7, 2019 notice, clearly demonstrates that the notice was not mailed to Ms. Kimmins at the Summer Drive Address. We note that Ms. Kimmins had previously received mailed copies of various documents, including the January 18, 2017 agreed order, at the Summer Drive Address, which was the sole mailing address Ms. Kimmins provided throughout the litigation. However, Ms. Kimmins was not mailed or otherwise provided a copy of the August 7, 2019 notice. Such notice would have alerted her to the docketing of the September 10, 2019 hearing. Likewise, Ms. Kimmins did not receive notice of the trial court's November 5, 2019 scheduling conference hearing.

---

[3] We respect Ms. Kimmins's decision to proceed without benefit of counsel and note that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) (citing *Carter v. Bell*, 279 S.W.3d 560 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

During the November 5, 2019 hearing, the trial court apparently requested that Plaintiffs present proof in support of their claim to Decedent's life insurance policy proceeds. Following Plaintiffs' proof, the trial court entered an order on November 8, 2019, granting judgment in favor of Plaintiffs. In addition to awarding the life insurance proceeds to Plaintiffs, the trial court taxed costs to Ms. Kimmins. On appeal, as referenced above, the parties agree that this was in error due to Ms. Kimmins's lack of notice of the hearings.

Ms. Kimmins's lack of notice of these proceedings constitutes a due process violation which, as the parties stipulate, necessitates vacating the trial court's judgment. The record is devoid of evidence that Ms. Kimmins was provided "notice that is reasonably calculated, under all the circumstances, to inform" her of the hearings. *See Smith*, 2012 WL 2159596, at *2 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). We therefore vacate the trial court's judgment in all respects, including the trial court's decision to tax costs to Ms. Kimmins.

Plaintiffs contend that they should not be taxed costs on appeal because their "counsel offered to remedy the situation by drafting a joint motion to vacate" "in the interest of judicial economy, cost, and merit." Instead of agreeing to the joint motion, Ms. Kimmins chose to file an appeal. Plaintiffs conclude that because the issue of notice could have been resolved without appellate review, they should not bear the cost of the appeal. Although we acknowledge Plaintiffs' position in this regard, as well as Ms. Kimmins's right to file an appeal, we note that Tennessee Rule of Appellate Procedure 40(a) provides that "if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the appellate court." In our discretion, we tax costs one-half to Plaintiffs and one-half to Ms. Kimmins.

## Conclusion

For the foregoing reasons, we vacate the judgment of the trial court in its entirety. This case is remanded to the trial court for further proceedings consistent with this opinion and collection of costs assessed below. Costs on appeal are taxed one-half to Plaintiffs and one-half to Ms. Kimmins.

_____
THOMAS R. FRIERSON, II, JUDGE