IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 9, 2016

**SCOTT ELMER McCARTER v.
DEBRA LYNN WALKER McCARTER**

**Appeal from the Circuit Court for Sevier County
No. 2010-0043-1     Ben W. Hooper, II, Judge**

---

**No. E2015-00549-COA-R3-CV-FILED-JUNE 1, 2016**

---

In this second appeal involving the instant divorce action, the wife appeals the trial court's enforcement of an enhanced judgment lien on behalf of her former counsel and the court's inclusion of certain tractor tires within the farm equipment previously awarded to the husband in the final judgment for divorce.  Having determined that the record contains no proof of notice to the wife of the hearing at which the trial court awarded the enhanced judgment lien, we vacate the portion of the judgment enforcing the enhanced portion of the attorney's lien.  We remand for further proceedings consistent with this opinion, including an evidentiary hearing addressing enforcement of the enhanced portion of the attorney's lien with notice to include the wife's former counsel.  We affirm the trial court's judgment in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed in Part, Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Scott Justice, Jefferson City, Tennessee, for the appellant, Debra Lynn Walker McCarter.[1]

**OPINION**

I.  Factual and Procedural Background

The plaintiff, Scott Elmer McCarter ("Husband"), originally initiated this action by filing a complaint for divorce against the defendant, Debra Lynn Walker McCarter

---

[1] The plaintiff/appellee, Scott Elmer McCarter, has elected not to participate in this appeal.

("Wife") on January 25, 2010. Following entry of an order in January 2012 declaring the parties divorced on mutual grounds of inappropriate marital conduct, *see* Tenn. Code Ann. § 36-4-101(a)(11) (2014), the trial court conducted a bench trial over the course of three days on April 19, 2012; April 20, 2012; and May 3, 2012. The court subsequently entered a final judgment distributing the parties' marital property on December 31, 2012. The parties had been married thirty-six years at the time of the final divorce judgment's entry. Upon Wife's initial appeal of the divorce judgment, this Court affirmed the trial court's equitable distribution of the marital estate, award to Wife of $500.00 weekly in alimony *in futuro*, and denial of Wife's multiple motions for the trial court judge's recusal. *See McCarter v. McCarter*, No. E2013-00890-COA-R3-CV, 2014 WL 6736305 (Tenn. Ct. App. Dec. 1, 2014) ("*McCarter I*").

The factual and procedural background underlying the original divorce judgment and appeal are set forth in detail in *McCarter I*. 2014 WL 6736305 at *1-4. As further noted in *McCarter I,* both parties had "filed motions with this Court regarding the statutory injunctions set forth in Tennessee Code Annotated § 36-4-106(d), including motions regarding the sale of a condominium, the parties' remaining cattle, and a recreational vehicle." *Id.* at *4 n.1. Having determined that the motions raised issues not before this Court on appeal, this Court remanded the motions to the trial court. *Id.* ("'[P]erfecting an appeal does not prevent the trial court from acting with regard to ancillary matters relating to the enforcement or collection of its judgment.'") (quoting *First Amer. Trust Co. v. Franklin-Murray Dev. Co., LP*, 59 S.W.3d 135, 141 n.8 (Tenn. Ct. App. 2001)).

As pertinent to this appeal, the trial court on remand conducted a hearing on December 16, 2014, during which both parties appeared with their respective counsel. Wife was represented at the hearing by attorney John D. Lockridge, Jr., who, along with co-counsel, Mario L. Azevedo, II, both of The Lockridge Law Firm (collectively, "Lockridge"), had represented her since September 30, 2011, at trial and on appeal. Following the hearing, the trial court entered an order on December 16, 2014, directing that Husband would be "allowed to IMMEDIATELY retrieve" a delineated list of farm equipment that had been awarded to him in the final judgment. On January 7, 2015, the trial court entered an order, *inter alia*, awarding to Husband a judgment for cattle sold by Wife in the amount of $16,000.00, which previously had been deposited with the trial court clerk; $3,000.00 in cash Wife received from the sale of cattle; $11,620.00 as compensation for Wife's sale of a motor home previously awarded to Husband; and $1,378.25 for Husband's attorney's fees related to the motor home. The court directed that "[t]hese judgments shall constitute liens against any real property in which the Wife has an interest, and further, the judgments against the Wife shall bear interest at the statutory rate."

In its December 2012 divorce judgment, the trial court had previously imposed a lien in the amount of $44,338.30 on Wife's property awarded in the divorce to secure the payment of a fee balance owed to Lockridge for legal services rendered through May 2, 2012. On February 6, 2015, Lockridge filed a motion requesting leave to withdraw as counsel for Wife. Lockridge alleged irreconcilable differences between counsel and client, court filings reflecting that Wife had "undertaken to represent herself in all further proceedings," and Wife's "severe[]" indebtedness to counsel. Lockridge also requested enhancement of the existing attorney's judgment lien "to an amount commensurate with that currently owed by [Wife] as shown in the attached Exhibit 'A.'" However, the copy of the motion in the record on appeal has no "Exhibit A" attached. In a certificate of service attached to the motion, Mr. Lockridge attested that Wife had been served with the motion on February 4, 2015. Husband subsequently filed a response, objecting to the withdrawal of Wife's counsel until pending post-divorce issues could be resolved.

On March 24, 2015, the trial court conducted a hearing during which Husband and counsel for both parties appeared, but Wife did not personally appear. Upon commencement of the hearing, Mr. Lockridge presented an addendum to the affidavit purportedly filed with the motion to withdraw, stating that he had filed the addendum the morning of the hearing. When the court noted that Wife was not present, Mr. Lockridge stated that he had sent Wife a copy of the motion to withdraw complete with the affidavit. He further stated that he knew Wife received notice to be at the hearing on the motion to withdraw. Mr. Lockridge acknowledged that he had not spoken to Wife since filing the motion to withdraw.

Following the March 24, 2015 hearing, the trial court entered an order that day addressing, *inter alia*, post-divorce issues involving execution of quitclaim deeds and retirement account documents in accordance with the divorce judgment and Husband's retrieval of items awarded to him from the marital residence. The court specifically found that "Wife had adequate notice of the hearing date and voluntarily chose not to attend said hearing." As relevant to this appeal, the court approved the addendum regarding attorney's fees filed by Wife's counsel and awarded a judgment to Wife's counsel for total attorney's fees in the amount of $135,917.89. In comments made at the close of the March 24, 2015 hearing, the court clarified that the total judgment lien included the $44,338.30 previously awarded to Lockridge. In its order, the court placed a lien "on any real and personal assets awarded to the Wife to secure payment of said fees." The court also granted Wife's counsel's motion to withdraw provided that Wife's counsel first approve the order at least as to form, which Mr. Lockridge subsequently did. The court concomitantly entered a separate order of withdrawal as well. Also relevant to this appeal, upon Husband's oral motion, the trial court awarded to Husband "the dually tires for the John Deere tractor previously awarded to [Husband]" and set a date for Husband to retrieve the tires.

3

Wife, acting without benefit of counsel, timely appealed. Wife's current counsel filed a notice of appearance with this Court on September 28, 2015. Following the filing of Wife's principal brief on December 7, 2015, Husband filed notice of his election not to participate in the appeal on January 4, 2016. Wife subsequently filed a certificate of service reflecting that Lockridge had been served with the principal brief on January 29, 2016.

## II. Issues Presented

On appeal, Wife presents two issues, which we have restated as follows:

1. Whether the trial court violated Wife's due process rights by enforcing an enhanced judgment lien for attorney's fees in favor of Lockridge without proper notice to Wife of an evidentiary hearing on the issue.

2. Whether the trial court erred by awarding the dually John Deere tractor tires to Husband.

## III. Standard of Review

We review the trial court's conclusions of law *de novo* with no presumption of correctness. *See Ray Bell Constr. Co., Inc. v. State, Tenn. Dep't of Transp.*, 356 S.W.3d 384, 386 (Tenn. 2011); *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). We presume the factual findings of the trial court to be correct and will not overturn those findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Morrison v. Allen*, 338 S.W.3d 417, 425 (Tenn. 2011). "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).

In a divorce proceeding, the trial court's decision regarding litigation expenses and attorney's fees is within the sound discretion of the trial court and will not be disturbed upon appeal unless the evidence preponderates against it. *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992). When reviewing the distribution of a marital estate, this Court "gives great weight to the decisions of the trial court in dividing marital assets and 'we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures.'" *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007) (quoting *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996)).

4

IV.  Enhanced Judgment Lien for Attorney's Fees

Wife contends that the trial court erred by awarding to Lockridge the full $135,917.89 judgment for attorney's fees he requested at the March 24, 2015 hearing without affording due process to Wife.  In this case, the trial court's judgment entered on behalf of Lockridge constituted an enhancement of $91,579.59 over the previously existing judgment lien of $44,338.30.  Wife asserts that she did not receive proper notice of the March 24, 2015 hearing and was thereby not afforded an opportunity to question the reasonableness of the attorney's fees and protect her property right over the $91,579.59 difference between the previously existing and enhanced attorney's judgment liens.  Upon careful and thorough review of the record, we agree with Wife on this issue.

Two types of attorney's liens exist in Tennessee either by common law or by statute.  *See* Tenn. Code Ann. §§ 23-2-102, -103 (2009); *Starks v. Browning,* 20 S.W.3d 645, 650 (Tenn. Ct. App. 1999).  A retaining lien is a possessory lien "that permits a lawyer to retain a client's books, papers, securities, or money coming into his or her possession during the course of the representation until the attorney and client have settled their fee dispute or until the client has otherwise posted appropriate security for the outstanding fee."  *Starks*, 20 S.W.3d at 650.  A charging lien, at issue in the instant action, "is based on a lawyer's equitable right to have the fees and costs due for the lawyer's services in a particular action secured by the judgment or recovery in that action."  *Id.*  A charging lien "attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure the judgment for the client."  *Id.* at 651.

Generally, after an attorney's lien has been declared, the attorney must commence a separate action to enforce his or her contractual right to a fee.  *Starks,* 20 S.W.3d at 652-53 ("This separate proceeding offers the client, now in the posture of a defendant, an opportunity to present defenses to the attorney's claim for a fee, including defenses that the attorney is not entitled to a fee because of professional negligence or some other basis.").  An exception applies, however, "to cases in which the money or property upon which the lien is to be enforced comes within the control of the court in the case in which the services were rendered."  *Id.* at 653 (explaining that "[w]hen the court is able to exert jurisdiction directly over the funds or property, the attorney need not resort to a separate suit to enforce his or her lien.").  Our Supreme Court has determined that when the property upon which the lien is to be enforced is included in the distribution of a marital estate adjudicated by the trial court during divorce proceedings, the property is within the control of the trial court.  *See Schmitt*, 118 S.W.3d 348, 353 (Tenn. 2003); *see also* Tenn. Code Ann. § 36-4-121 (Supp. 2015) (authorizing trial courts to equitably distribute marital property within divorce proceedings); *Castle v. David Dorris Logging, Inc.*, No. W2012-00917-COA-R3-CV, 2013 WL 500780 at *7 (Tenn. Ct. App. Feb. 11, 2013)

("[A] trial court having jurisdiction over a divorce also has jurisdiction over the property at issue in the divorce during the underlying litigation.").

However, "[w]hile a charging lien serves to secure an attorney's fees, it does not function as an adjudication of the rights between the lawyer and his or her client." *Starks*, 20 S.W.3d at 652; *see also Chambers v. Devore*, No. W2013-02827-COA-R3-CV, 2015 WL 4381631 at *8 (Tenn. Ct. App. July 17, 2015), ("If the client disputes the attorney's right to fees or the amount thereof, the fact that the court retains jurisdiction over the res of the lien does not relieve the attorney from the burden of proving his or her fees in an evidentiary hearing."), *perm. app. denied* (Tenn. July 31, 2015). Regarding a trial court's enforcement of a contract between client and counsel for attorney's fees, this Court has explained:

> The courts may decline to enforce an attorney's fee contract only (1) when the attorney did not negotiate the contract in good faith, *see Alexander v. Inman,* 974 S.W.2d [689,] 693-94 [(Tenn. 1998)], (2) when the contract provides for an unreasonable fee, *see White v. McBride,* 937 S.W.2d 796, 800-01 (Tenn. 1996), or (3) when the attorney has otherwise breached his or her fiduciary obligations to the client and this breach has prejudiced the client's interests. *See Crawford v. Logan,* 656 S.W.2d [360,] 365 [(Tenn. 1983)]; *Alexander v. Inman,* 903 S.W.2d 686, 694 (Tenn. Ct. App. 1995); *Coleman v. Moody,* 52 Tenn. App. 138, 155, 372 S.W.2d 306, 311-314 (1963).

*Starks*, 20 S.W.3d at 650.

In the instant action, Wife maintained a right to an evidentiary hearing with proper notice that the enforcement of an enhanced judgment lien would be at issue. An individual's right to due process to protect a property right is secured through the Fourteenth Amendment to the United States Constitution. *See Bd. of Regents v. Roth,* 408 U.S. 564, 576-77 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."); *see also* Tenn. Const. art. 1, § 8. As this Court has explained:

> "One of the bedrock principles of this nation's due process jurisprudence is the right to notice and an opportunity to be heard before an impartial trier-of-fact." *Karr. v. Gibson,* 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *United States v. James Daniel Good Real Prop.,* 510 U.S. 43 (1993), and *Phillips v.. State Bd. of Regents,* 863 S.W.2d 45, 50 (Tenn.

1993)). Due process requires notice that is reasonably calculated, under all the circumstances, to inform a party of the pending action. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *McClellan v. Bd. of Regents,* 921 S.W.2d 684, 688 (Tenn. 1996).

*Smith v. Potter*, No. M2011-01560-COA-R3-CV, 2012 WL 2159596 at *2 (Tenn. Ct. App. June 13, 2012).

The trial court found in its final judgment that Wife "had adequate notice of the hearing date and voluntarily chose not to attend said hearing." However, the record on appeal contains no notice to Wife of the March 24, 2015 hearing. As Mr. Lockridge asserted during his opening statement at the hearing, his motion for withdrawal does include a properly executed certificate of service to Wife. The motion, however, does not include a notice of hearing or even a request for hearing. The only indication in the record that Wife received notice of the hearing is Mr. Lockridge's assertion during his opening statement that "I know [Wife] got notice to be here today on my motion to withdraw." Lockridge presented no proof, however, that Wife had received notice of the hearing date. We emphasize that "[s]tatements and arguments of counsel made during the course of a hearing are not evidence." *See Wilson v. Americare Sys. Inc.,* No. M2008-00419-COA-R3-CV, 2009 WL 890870 at *6 (Tenn. Ct. App. Mar. 31, 2009); *see also State v. Reid,* 164 S.W.3d 286, 343 (Tenn. 2005) (explaining that opening statements "'do not amount to stipulations and certainly are not a substitute for the pleadings or for the evidence.'" (quoting *Harris v. Baptist Mem'l Hosp.,* 574 S.W.2d 730, 732 (Tenn. 1978)). We also note that the copy of the motion in the appellate record has no affidavit concerning attorney's fees attached. The appellate record contains neither the affidavit of attorney's fees or the addendum referenced by Mr. Lockridge during the March 24, 2015 hearing. We therefore have no proof before us that Wife received the affidavit or the addendum prior to the hearing.

We find this issue to be analogous to the due process issue in this Court's recent decision in *Chambers*, 2015 WL 4381631. Although *Chambers* involved an estate rather than a divorce action, the property upon which the attorney's lien was to be enforced was within the trial court's control and thus also fell within the exception allowing an attorney to enforce his or her lien without resorting to a separate lawsuit. *See Chambers*, 2015 WL 4381631 at *8 (citing *Starks*, 20 S.W.3d at 653). Determining that the trial court had failed to afford the plaintiff an evidentiary hearing regarding enforcement of the attorney's lien, this Court vacated the trial court's order enforcing the lien. *See Chambers*, 2015 WL 4381631 at *9 ("[T]he trial court's error rests upon the fact that it ostensibly enforced the attorney's lien as a judgment for attorney's fees without the required evidentiary hearing.").

7

Having determined that the trial court failed to ensure proper notice to Wife of the March 24, 2015 hearing, we vacate the portion of the judgment enforcing the $91,579.59 enhancement of the lien. We emphasize that the previously awarded $44,338.30 judgment in favor of Lockridge for legal services provided through May 2, 2012, which was entered as part of the divorce judgment, is unaffected by this decision. We further emphasize that we have not considered or reached any conclusion regarding the reasonableness of Lockridge's fees for legal services provided to Wife from the last day of trial, May 3, 2012, through entry of the order of withdrawal on March 24, 2015. This case is remanded to the trial court for further proceedings consistent with this opinion, including an evidentiary hearing regarding enforcement of Lockridge's enhanced judgment lien. We note that such an evidentiary hearing will require proper notice to Lockridge.[2]

## V. Inclusion of Tractor Tires in Farm Equipment Awarded to Husband

Wife also contends that the trial court erred by awarding the "dually tires for the John Deere tractor" to Husband during the March 24, 2015 hearing without proper notice to Wife that the tires would be an issue addressed at the hearing. In its divorce judgment, the trial court awarded "all the farm equipment not owned by McCarter Auction, Inc." to Husband. *See McCarter I*, 2014 WL 6736305 at *12. This Court affirmed that decision. *Id.* at *14. Wife does not dispute that the John Deere tractor was included in the farm equipment awarded to Husband. She simply argues that the tires should be considered separately and that she should have been afforded an opportunity to dispute Husband's claim to them and request to retrieve them from the marital residence. We disagree. Upon our careful review of the record, we determine that the trial court awarded the dually John Deere tractor tires to Husband when it awarded the John Deere tractor to Husband within the award of "all the farm equipment not owned by McCarter Auction, Inc." Wife is not entitled to relief on this issue.

## VI. Conclusion

For the reasons stated above, we vacate the portion of the trial court's judgment enforcing an enhanced attorney's lien against Wife in the amount of $135,917.89. We

---

[2] Wife, acting *pro se*, failed to provide notice to Lockridge when she filed her notice of appeal. However, acting through her current counsel, she did provide a copy of her principal brief on appeal with sufficient time for Lockridge to file a motion with this Court prior to disposition of the appeal. *See, e.g., Starks*, 20 S.W.3d at 649 ("After filing its brief with this court, the Bart Durham Law Offices filed a motion pursuant to Tenn. R. App. P. 19(b) and (e) to be added as an appellee in this case since it was a real party in interest with regard to the disputed $51,091.99."). Lockridge did not take any subsequent action related to this appeal. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

affirm the trial court's judgment in all other respects.  We emphasize that the previously entered attorney's judgment lien in the amount of $44,338.30 against Wife remains undisturbed by this decision.  We remand for collection of costs below and further proceedings consistent with this opinion, including an evidentiary hearing addressing enforcement of Lockridge's enhanced judgment lien with proper notice to Lockridge as well as the parties.  Noting that Lockridge is not a party to this appeal, we tax costs on appeal to the appellant, Debra Lynn Walker McCarter.  The appellate court clerk is instructed to provide a copy of this decision and accompanying judgment to The Lockridge Law Firm.

_____
THOMAS R. FRIERSON, II, JUDGE